UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Case No: 8:11-bk-13101-KRM

GULF LANDINGS DEVELOPMENT
CORPORATION.

    Debtor.
_____/

## DEBTORS' MOTION FOR JOINT ADMINISTRATION OF AFFILIATED CASES
### (EXPEDITED RELIEF REQUESTED)

Gulf Landings Development Corporation ("Gulf"), by and through proposed bankruptcy counsel, files this motion for entry of an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") directing joint administration of the Debtor's case with the pending bankruptcy case for procedural purposes only (at this time) with the pending bankruptcy case of Seaview Place Developers, Inc. ("Seaview"), Case No. 8:11-bk-5126-KRM and Harbor Colony Development, Inc. ("Harbor"), Case No. 8:11-bk-13103-KRM (Collectively "Gulf", "Seaview" and "Harbor"). In support of this Motion, the Debtors respectfully represent as follows:

### JURISDICTION

1.    This Court has jurisdiction to hear the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 1015 authorize the relief requested in this Motion.

## BACKGROUND

2. On March 22, 2011, Seaview filed its Voluntary Petition for Relief under chapter 11 of the Bankruptcy Code

3. On July 8, 2011, Gulf and Harbor each filed their Voluntary Petitions for Relief under chapter 11 of the Bankruptcy Code.

4. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No request for appointment of a chapter 11 trustee or examiner has been made and, as of the date hereof, no official committee has been appointed.

## STRUCTURE AND OWNERSHIP OF DEBTORS

6. The sole shareholder of all three Debtors is J & M Development Concepts, LLC (the "Parent Company").

7. The Debtors have common officers and managers. In fact, the Debtors have as their respective major creditor BB&T, as an alleged successor to Colonial Bank.

## RELIEF REQUESTED

8. By this Motion, the Debtors move for the joint administration, for procedural purposes only, of their respective cases contemporaneously with the filing of their voluntary petitions. The Debtors submit that joint administration, for procedural purposes only, is in the best interest of each of the Debtors' estates and will ease the administrative burden on their creditors, this Court and other interested parties.[1]

---

[1] The Debtors reserve the right to seek substantive consolidation, if appropriate.

9. Rule 1015(b) of the Bankruptcy Rules provides that if two or more petitions for relief are pending in the same court by or against a debtor and its affiliate, the court may order a joint administration of the cases. The Debtors in these cases include Seaview and three (3) of its affiliates. Pursuant to the definition of "affiliate" in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b), Gulf and Harbor are affiliates of Seaview. Accordingly, the joint administration of the Debtors' Chapter 11 cases solely for procedural purposes is appropriate under Bankruptcy Rule 1015(b).

10. Moreover, as the Debtors' financial affairs and business operations are so intertwined, joint administration will ease the administrative burden on the Court and all parties in interest. Additionally, many of the motions, hearings, and orders in the Debtors' chapter 11 cases will affect each of the Debtors and their respective estates. Joint administration will reduce the fees and costs and avoid the need for filing duplicative documents in the Debtors' various cases.

11. In order to optimally and economically administer the Debtors' three pending chapter 11 cases, the Debtors' cases should be jointly administered, for procedural purposes only, under the case number assigned to Seaview Place Developers, Inc., designated as the Lead Case.

12. Joint administration will not adversely affect the rights of the creditors of each of the respective Debtors because this Motion only requests the joint administration of the Debtors' cases. The Debtors are not seeking substantive consolidation through this Motion. Any creditor may still file a claim against a particular Debtor and its estate, or multiple Debtors and their respective estates. Thus, joint administration will enhance the rights of all creditors by enabling

the Clerk of the Court to utilize a single docket and combine notices to creditors of the Debtors' respective estates and other parties in interest, without impacting such parties' substantive rights.

13. Joint administration will also enable participants in these cases to more easily apprise the various parties in interest of the matters before the Court in all of the Debtors' chapter 11 cases. Further, joint administration will relieve the Court of the burden of entering duplicative orders and maintaining duplicative files and will simplify the Office of the United States Trustee's (the "U.S. Trustee") supervision and administrative aspects of the Debtors' chapter 11 cases. For these reasons, joint administration of the Debtors' chapter 11 cases, for procedural purposes only, will best serve the interests of the Debtors, their creditors, and other parties in interest.

14. The Debtors request that the Court modify the caption of the Debtors' chapter 11 cases to reflect their joint administration as follows:

UNITED SATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| In re: | Chapter 11 |
|---|---|
| SEAVIEW PLACE DEVELOPERS, INC., | Case No. 8:11-bk-5126-KRM [Lead Case] |
| GULF LANDINGS DEVELOPMENT CORPORATION, | Case No. 8:11-bk-_____-___ |
| HARBOR COLONY DEVELOPMENT, INC., | Case No.; 8:11-bk-_____-___ |
| Debtors._____/ | (Jointly Administered Cases) |

15. The Debtors further request that the Clerk of the Court enter a docket entry in each of the above-captioned cases substantially as follows:

> "An Order has been entered in this case under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Seaview Place Developers, Inc., Gulf Landings Development

Corporation, and Harbor Colony Development, Inc. The docket of Seaview Place Developers, Inc., Case No. 8:11-bk-5126-KRM should be consulted for all matters affecting this chapter 11 case."

16. Finally, the Debtors seek authority to file monthly operating reports required by the United States Trustee Operating Guidelines on a consolidated basis if the Debtors determine, after consulting with the U.S. Trustee, that consolidated reports would (i) increase administrative economy and efficiency in the Debtors' chapter 11 cases without prejudice to any party in interest, and (ii) accurately reflect the Debtors' business operations and financial affairs.

WHEREFORE, each of the Debtors respectfully requests that the Court enter an order granting the relief requested in the Motion and such further relief as is just and proper.

Dated this 8th day of July, 2011.

>  */s/ Chad S. Bowen*
>  Chad S. Bowen
>  Florida Bar No. 0138290
>  Suzy Tate
>  Florida Bar No. 22071
>  **Jennis & Bowen, P.L.**
>  400 N. Ashley Dr., Ste. 2540
>  Tampa, FL 33602
>  Telephone: 813) 229-1700
>  Facsimile: (813) 229-1707
>  cbowen@jennisbowen.com
>  Attorneys for the Debtors
>  and Debtors-in-Possession

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF electronic service to the **United States Trustee**, 501 E. Polk St., Ste. 1200, Tampa, FL 33602; **Keith Fendrick**, Holland & Knight, 100 N. Tampa Street, Suite 4100, Tampa, FL 33602; via certified mail return receipt requested to **BB&T, Attn: Robert E. Greene, President,** 200 West 2nd Street, Winston-Salem, NC 27101; to those parties on the attached **L.B.R. 1007-2 Parties in Interest List**; and to those parties receiving electronic notices via CM/ECF, on this 8th day of July, 2011.

>  */s/ Chad S. Bowen*
>  Chad S. Bowen